UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHEW KING TAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>                    Defendants. | Case No.  1:21-cv-08413-PAC<br><br>MEMORANDUM OF LAW: (1) IN FURTHER SUPPORT OF MOTION OF KUAN IOK IEONG FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD COUNSEL; AND (2) IN OPPOSITION TO COMPETING MOTIONS |
| IGOR LI, Individually and on Behalf of All Others Similarly Situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>GOLDMAN SACHS GROUP INC. and MORGAN STANLEY,<br><br>                    Defendants. | Case No.  1:21-cv-09420-PAC |

Movant Ieong[1] ("Ieong") respectfully submits this Memorandum of Law in further support of her motion for appointment as Lead Plaintiff and approval of her selection of Pomerantz as Lead Counsel (Dkt. No. 23); and in opposition to the competing motions of Alexander Shapovalov ("Shapovalov") (Dkt. No. 15) and Gregory Dee ("Dee") (Dkt. No. 21).[2]

## PRELIMINARY STATEMENT

This is a class action securities fraud lawsuit on behalf of investors in Vipshop securities. As with all federal class action securities fraud lawsuits, a Lead Plaintiff must be appointed. The PSLRA governs that process and, pursuant to the PSLRA, the Court should appoint as Lead Plaintiff the movant with the greatest financial interest in the outcome of the action; *and* who satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).

Here, that movant is Ieong, an investor who incurred losses of $23,820 in connection with her Class Period investments of Vipshop securities, a greater financial interest in this litigation than any other eligible competing movant. The table below sets forth the losses of Ieong compared to those of the other movants:

| Movant(s) | Loss |
|---|---|
| Ieong | $23,820 |
| Dee | $2,169 |
| ~~Shapovalov~~ | ~~$63,829~~ |

---

[1] All capitalized terms herein are defined in Ieong's moving brief, unless otherwise indicated. *See* Dkt. No. 26.

[2] Initially one other movant, Ruslan Zakirov ("Zakirov"), filed a similar competing motion. Dkt. No. 18. On December 20, 2021, Zakirov filed a notice of withdrawal of his motion, stating that "[h]aving reviewed the competing motions filed in the action, [Zakirov] does not appear to have the largest financial interest" in the litigation. Dkt. No. 30.

Ieong's loss is more than ten times the loss incurred by Dee, the only other movant eligible for consideration.  Although one other competing movant, Shapovalov, has alleged a larger loss than Ieong, Shapovalov is inadequate within the meaning of Rule 23 (as discussed in greater detail below) and is thus disqualified from consideration.  As such, Ieong has the greatest financial interest in this litigation of any eligible Lead Plaintiff candidate.

In addition to her significant financial interest, Ieong also satisfies the adequacy and typicality requirements of Rule 23.  Ieong satisfies the adequacy requirement because her significant losses in this litigation give her a strong incentive to vigorously pursue recovery on behalf of the Class, her interests are aligned with those of the absent Class members, and in Pomerantz, she has retained qualified counsel.  Ieong has further demonstrated her adequacy by her submission of a detailed Declaration, in which she has provided biographical information about herself and attested to, *inter alia*, her understanding of the responsibilities of a lead plaintiff and her readiness to undertake those responsibilities on behalf of the Class.  *See generally* Dkt. No. 27-4.  With respect to typicality, Ieong, like all members of the Class, purchased Vipshop securities during the Class Period, at prices artificially inflated by Defendants' misrepresentations and omissions.  Ieong, like all members of the Class, was damaged as the truth about the Company's business and operations came to light.  These shared claims, which are based on the same legal theory, and arise from the same events and course of conduct as the Class claims, satisfy the typicality requirements of Rule 23.

By contrast, Shapovalov has failed to establish his adequacy under Rule 23.  Rule 23's adequacy inquiry requires an assessment of whether a movant is, in fact, capable of representing the interests of the class.  *Karp v. Diebold Nixdorf, Inc.*, 19 Civ. 6180(LAP) *et al.*, 2019 U.S. Dist. LEXIS 188670, at *15-16 (S.D.N.Y. Oct. 30, 2019).  Here, Shapovalov has provided no

information about himself—for example, any biographical information, or any attestations regarding his understanding of the Lead Plaintiff role or his willingness to assume it—that would enable the Court to assess his adequacy.  Courts, including in this Judicial District, routinely deny motions by movants who provide no meaningful information about themselves.  *See*, *e.g.*, *Gross v. AT&T Inc.*, 19-CV-2892 (VEC), 2019 U.S. Dist. LEXIS 225777 (S.D.N.Y. June 24, 2019); *Haideri v. Jumei Int'l Holding, Ltd.*, No. 20-cv-02751-EMC, 2020 U.S. Dist. LEXIS 162510, at *12-13 (N.D. Cal. Sept. 4, 2020); *Smajlaj v. Brocade Commc'ns Sys. Inc.*, No. C 05-02042 CRB, 2006 U.S. Dist. LEXIS 97618, at *10-12 (N.D. Cal. Jan. 12, 2006).

For the reasons set forth herein, Ieong respectfully submits that her motion should be granted in its entirety and that the competing motions should be denied.

## **ARGUMENT**

### A.     **IEONG SHOULD BE APPOINTED LEAD PLAINTIFF**

The PSLRA creates a strong presumption that the lead plaintiff is the "person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  The movant that has the largest financial interest must "make a *prima facie* showing that they meet [the requirements of] Rule 23".  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *see also Kaplan v. Gelfond*, 240 F.R.D. 88, 94 (S.D.N.Y. 2007).  Once this presumption is triggered, it may be rebutted upon proof that the presumptive lead plaintiff will not fairly represent the interests of the Class.  15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (emphasis added).  Here, the most adequate class representative is Ieong.

### 1.     **Ieong Has the "Largest Financial Interest"**

The PSLRA requires a court to adopt a presumption that "the most adequate plaintiff . . . is the person or group of persons that . . . has the largest financial interest in the relief sought by

the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii).  While the PSLRA itself does not provide any guidance concerning the method of calculating which plaintiff has the "largest financial interest," courts in this Judicial District, the Second Circuit, and around the country recognize that the amount of financial loss is the most significant factor to be considered.  *See*, *e.g.*, *Foley v. Transocean Ltd.*, 272 F.R.D. 126, 128 (S.D.N.Y. 2011) (equating financial interest with economic loss); *Chahal*, 2018 U.S. Dist. LEXIS 104185, at *12 (same); *Nurlybaev v. ZTO Express (Cayman) Inc.*, 17-CV-06130 (LTS)(SN), 2017 U.S. Dist. LEXIS 187238, at *3 (S.D.N.Y. Nov. 13, 2017) (same); *In re Converse Tech., Inc. Sec. Litig.,* No. 06-CV-1825, 2007 U.S. Dist. LEXIS 14878, at *8 (E.D.N.Y. Mar. 2, 2007) (recognizing that most courts consider "the approximate loss a plaintiff suffered during the class period to be most influential in identifying the plaintiff with the largest financial interest"); *In re Vicuron Pharms., Inc. Sec. Litig.*, 225 F.R.D. 421, 511 (E.D. Pa. 2005) (finding the amount of the financial loss "the most significant" factor); *Takara Trust v. Molex, Inc.*, 229 F.R.D. 577, 579 (N.D. Ill. 2005) ("most courts simply determine which potential lead plaintiff has suffered the greatest total losses.").

As the chart at p. 1 illustrates, Ieong suffered a loss of nearly $24,000 in connection with her Class Period purchases of Vipshop securities.  Dee, the only other movant eligible for consideration, incurred a loss of $2,169—a loss less than one-tenth the size of Ieong's.  Accordingly, Ieong plainly possesses the largest financial interest of any eligible Lead Plaintiff candidate.  As discussed in greater detail *infra* at Section II, the only movant claiming a larger loss than Ieong, Shapovalov, is inadequate under Rule 23, and thus ineligible for appointment as Lead Plaintiff irrespective of his alleged financial interest in this litigation.

### 2.    Ieong Satisfies the Requirements of Rule 23

In appointing a lead plaintiff, the Court must determine whether the movant has made *prima facie* showings of typicality and adequacy.  *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8; *Kaplan*, 240 F.R.D. at 94.  Here, Ieong readily passes muster.

First, Ieong satisfies the typicality requirement of Rule 23(a)(3) because her claims in this litigation are based on the same legal theory and arise from the same events and course of conduct as the Class's claims.  *In re Orion Sec. Litig.*, No. 08 Civ. 1328 (RJS), 2008 U.S. Dist. LEXIS 55368, at *12 (S.D.N.Y. July 7, 2008); *Janbay v. Canadian Solar, Inc.*, 272 F.R.D. 113, 120 (S.D.N.Y. 2010).  Second, Ieong satisfies the adequacy requirement of Rule 23(a)(4) because she has a sufficient stake in the outcome of this litigation to ensure vigorous advocacy on behalf of the Class, is aware of no conflict between her interests and those of the putative Class, and in Pomerantz, she selected counsel highly capable and experienced in prosecuting securities cases and managing complex litigation efficiently to serve as Lead Counsel for the Class.  *Foley*, 272 F.R.D. at 131; *Dookeran v. Xunlei Ltd.*, No. 18-cv-467 (RJS), 2018 U.S. Dist. LEXIS 62575, at *8 (S.D.N.Y. Apr. 12, 2018).  Further demonstrating her adequacy, Ieong has submitted a detailed Declaration attesting to, *inter alia*, her background, her understanding of this litigation generally and of the responsibilities of a lead plaintiff appointed pursuant to the PSLRA specifically, and her readiness to shoulder those responsibilities on behalf of the Class.  *See* Dkt. No. 27-4.

For all of the foregoing reasons, Ieong strongly satisfies the typicality and adequacy requirements of Rule 23 and is entitled to the PSLRA's strong presumption of being the Lead Plaintiff.

* * * * *

To overcome the strong presumption entitling Ieong to appointment as Lead Plaintiff, the PSLRA requires "***proof***" that the presumptive Lead Plaintiff is subject to unique defenses or otherwise inadequate to represent the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II) (emphasis added). No such proof exists with respect to Ieong and any suggestions to the contrary should be rejected as mere speculation.

### B.     SHAPOVALOV IS INADEQUATE UNDER RULE 23

In addition to possessing the largest financial interest in the litigation, the "most adequate plaintiff" of the Class must also satisfy the adequacy and typicality requirements of Rule 23 (*see* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc)). Here, although Shapovalov claims to have incurred a larger loss than Ieong in connection with his Class Period Vipshop investments, Shapovalov has not demonstrated his adequacy within the meaning of Rule 23, and his motion must thus be denied.

While the requisite adequacy showing at the lead plaintiff appointment stage is admittedly *prima facie* (*see*, *e.g.*, *Aude*, 2018 U.S. Dist. LEXIS 57591, at *8), a lead plaintiff movant still must provide enough information for a court to actually assess the movant's ability to manage the litigation. *See*, *e.g.*, *Karp*, 2019 U.S. Dist. LEXIS 188670, at *15-16. A mere boilerplate recitation of the legal standard in a movant's briefing does not meet that standard. In *AT&T*, 2019 U.S. Dist. LEXIS 225777, the court denied a motion by a lead plaintiff movant that asserted in its briefing that it satisfied the Fed. R. Civ. P. 23 adequacy standard, yet provided no information whatsoever about itself:

> Pro-Alpha has not provided sufficient information for the Court to determine that it will fairly and adequately protect the interests of the class. . . . [I]t is an undisputed fact that Pro-Alpha has failed to provide any information, beyond the name of a director, as to its business, management, structure, or its experience with securities litigation. . . . The Court declines to appoint as lead plaintiff an entity that lacks basic transparency even at this juncture.

*Id.* at \*5-\*6 (internal quotations and citations omitted).  *See also Haideri*, 2020 U.S. Dist. LEXIS 162510, at \*12-13 (denying motion by investors who "provided ***no*** information about themselves" with their motion papers, finding that group's subsequent proffer in additional filings was "conclusory and problematic" and reflected a "lack of involvement" in the litigation) (emphasis in original); *Smajlaj*, 2006 U.S. Dist. LEXIS 97618, at \*10-12 (rejecting investor's motion for appointment as lead plaintiff, despite a presumption in its favor for having the greatest financial interest in the litigation, after concluding that it "will not adequately represent the interests of the plaintiff class" where questions existed as to, *inter alia*, its "authority, transparency, and structure"); *Piven v. Sykes Enters., Inc.*, 137 F. Supp. 2d 1295, 1305 (M.D. Fla. 2000) (finding movant inadequate to serve as lead plaintiff where it "has not proffered any information regarding its identity, resources, and experience"); *In re Boeing Co. Aircraft Sec. Litig.*, No. 19 CV 2394, 2019 U.S. Dist. LEXIS 298359, at \*13 (N.D. Ill. Nov. 15, 2019) (denying motion where "[t]he complete dearth of information accompanying the [movants'] lead plaintiff motion leaves the Court with virtually no basis to assess their adequacy to lead and direct litigation").

Here, in stark contrast with the detailed proffer set forth in the Declaration that Ieong submitted with her motion (*see* Dkt. No. 27-4), Shapovalov has provided the Court with no information whatsoever about himself or his understanding of the responsibilities of a Lead Plaintiff.  Where does Shapovalov live?  How old is he?  What is his occupation?  What level of investment experience does he possess?  Does Shapovalov understand the posture of this litigation?  Does Shapovalov understand the significance of his motion and the responsibilities of a Lead Plaintiff?  Is Shapovalov prepared to supervise his chosen counsel in this litigation? Because Shapovalov has submitted only the statutorily required PSLRA Certification, containing nothing more than statutorily prescribed attestations (*see* Dkt. No. 17-2), the Court is left to guess

at the answers to the foregoing questions.  This non-existent proffer falls well short of even the minimal *prima facie* adequacy showing required at this stage.  Shapovalov's wholesale failure to establish his adequacy to serve as Lead Plaintiff mandates denial of his motion.

## CONCLUSION

For the foregoing reasons, Ieong respectfully requests that the Court issue an Order: (1) consolidating the Related Actions; (2) appointing Ieong as Lead Plaintiff for the Class; and (3) approving Pomerantz as Lead Counsel for the Class.

Dated:  December 27, 2021                     Respectfully submitted,

POMERANTZ LLP

*/s/ Jeremy A. Lieberman*
Jeremy A. Lieberman
J. Alexander Hood II
Thomas H. Przybylowski
600 Third Avenue
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
ahood@pomlaw.com
tprzybylowski@pomlaw.com

*Counsel for Kuan Iok Ieong and Proposed Lead Counsel for the Class*

BRONSTEIN, GEWIRTZ & GROSSMAN, LLC
Peretz Bronstein
60 East 42nd Street, Suite 4600
New York, New York 10165
Telephone: (212) 697-6484
Facsimile: (212) 697-7296
peretz@bgandg.com

*Additional Counsel for Kuan Iok Ieong*