# DAVIS POLK & WARDWELL LLP

450 LEXINGTON AVENUE
NEW YORK, NY 10017
212 450 4000
WWW.DAVISPOLK.COM

NORTHERN CALIFORNIA
WASHINGTON, D.C.
SÃO PAULO
LONDON
PARIS
MADRID
HONG KONG
BEIJING
TOKYO

CHARLES S. DUGGAN
+1 212 450 4785

April 8, 2022

The Honorable Paul A. Crotty
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007-1312

    Re:    *Tan v. Goldman Sachs Group Inc.*, 1:21-cv-08413
             *Florio v. Goldman Sachs Group Inc.*, 1:21-cv-08618
             *Merson v. Goldman Sachs Group Inc.*, 1:21-cv-08752
             *Ulanch v. Goldman Sachs Group Inc.*, 1:21-cv-08897
             *Felix v. Goldman Sachs Group Inc.*, 1:21-cv-10286
             *Scully v. Goldman Sachs Group Inc.*, 1:21-cv-10791
             *Lee v. Goldman Sachs Group, Inc.*, 1:22-cv-00169

Dear Judge Crotty:

We represent defendant Morgan Stanley in the above-captioned cases. We write on behalf of Morgan Stanley and with the consent of co-defendant Goldman Sachs Group, Inc. in response to the supplemental submission in respect of the appointment of lead plaintiffs, filed on March 30, 2022, by the self-styled "Plaintiffs Group."[1] Defendants take no position on the Plaintiffs Group's proposal to coordinate through an

---

[1] The Plaintiffs Group defines itself as the following plaintiffs and lead plaintiff movants: the Kellner Newcomer Partnership, Oklahoma Firefighters Pension and Retirement System, Oklahoma Law Enforcement Retirement System, Yan Cai Jiang, Dr. Jeffrey Wachtel, Jamal Pesaran, Zhang Zhenming, Felix Urman, Syed Zaheer, Alexander Shapovalov, Chew King Tan, Travis Florio, Michael Merson, Mark Ulanch, Igor Li, Kai Chen, Alma Felix, Alison Scully, Su Yan, Kevin Lee, J. and S. Patel Trust U/A dated 8/4/2015, Lei Bian, Tong B. Tran, Kuan Iok Ieong, Sajed Hanif, Gregory Dee and Po-Hsun Huang.

Hon. Paul A. Crotty                                   2

executive committee.  We write instead to briefly address two aspects of the Plaintiffs Group's supplemental submission that are unnecessary to the appointment of lead plaintiff but nonetheless call for a brief response because they pertain to matters as to which Defendants do have a position.

*First*, the Plaintiffs Group's proposal to file an omnibus complaint is inconsistent with this Court's prior decision not to consolidate these various cases into a single proceeding.[2]  In its March 10, 2022 coordination order (the "Order"), this Court concluded that only those cases involving the same issuers would be consolidated,[3] and that the others would "continue to be marked as related [and] are to be closely coordinated, but not consolidated at this time."[4]  Full consolidation—which the Plaintiffs Group proposed and the Court rejected—necessarily would have entailed the filing of a single, omnibus complaint with identical allegations.  A single omnibus complaint is thus an approach that this Court has already rejected.  Moreover, a single omnibus complaint would add the needless complexity of a single pleading containing seven different proposed classes of investors and nearly two dozen causes of action.[5]

---

[2] *See, e.g.*, Pls. Grp. Mem. at 9, *Tan*, 1:21-cv-08413, ECF # 44.  For ease of reference, Defendants cite only the Plaintiffs Group letter filed in the *Tan* case.

[3] The Court consolidated together only those cases relating to the same securities, i.e., the cases related to Vipshop Holdings Ltd. (*Tan*, 21-cv-08413 and *Li* 21-cv-09420), Tencent Music Entertainment Group (*Merson*, 21-cv-08752 and *Chen*, 21-cv-09564), and iQIYI, Inc. (*Felix*, 21-cv-10286 and *Yan*, 1:21-cv-10999).  *See* Order at 3, 6 ¶ 1, *Tan*, 1:21-cv-08413, ECF # 42.

[4] Order at 6 ¶ 2.

[5] Defendants do not at this time address the Plaintiffs Group's tentative omnibus briefing schedule, which, as Plaintiffs themselves note, first requires consultation with Defendants as provided in the joint stipulations, previously approved by the Court in each case, stating that the parties will meet and confer on scheduling following appointment of lead plaintiffs.  *See, e.g.*, *Tan*, 1:21-cv-08413, ECF # 14.  Plaintiffs have not yet discussed such matters with Defendants; and Defendants believe that the parties should confer about them in the first instance, as contemplated by the so-ordered stipulations.

Davis Polk & Wardwell LLP

Hon. Paul A. Crotty                         3

*Second*, the Plaintiffs Group states that it intends to argue (in the future) that largely unspecific and unattributed assertions drawn from certain media reports would justify lifting the PSLRA discovery stay.[6] Defendants will respond to any motion to lift the PSLRA discovery stay when and if such a motion is filed. For present purposes, Defendants note that the vague assertions in the Plaintiffs Group's submission about governmental investigations and speculations about rumored settlements between Defendants (and others) with Archegos are not alleged in any pleading in these cases and, in any case, provide no basis for lifting the statutory stay. Nothing in the Plaintiffs Group's submission suggests that "particularized discovery is necessary to preserve evidence or to prevent undue prejudice to [a] party," as would be required to lift the PSLRA stay. 15 U.S.C. § 78u-4(b)(3)(B).

                              *    *    *

We are happy to discuss these issues with the Court and the parties in order to reach consensus on the proper path forward in managing these cases.

                                        Respectfully submitted,

                                        */s/ Charles S. Duggan*

                                        Charles S. Duggan


cc:   Counsel of Record

<u>Electronic Delivery</u>

---

[6] Pls. Grp. Mem. at 5-7, *Tan*, 1:21-cv-08413, ECF # 44; Pls. Grp. Ex. 1 at 7, *Tan*, 1:21-cv-08413, ECF # 45-1.